UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 1:09cr31 |
| CLINTON YOUNG, | ) ) ) |
| Defendant. | ) ) |

OPINION AND ORDER

This matter is before the court on a Letter [DE 106] requesting compassionate release filed by the defendant, Clinton Young ("Young") on August 10, 2020. The Government responded to the Letter on August 26, 2020.

Discussion

On February 25, 2009, an Indictment was filed with this Court charging Young, in two counts, with bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d) and using and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (DE 13). Young pleaded guilty to the charges on May 1, 2009. (DE 24). Young was sentenced on March 30, 2010 to service of a term of 188 months of imprisonment in the Bureau of Prisons (BOP) upon the bank robbery charge and 84 months upon the use of a firearm charge (to be served consecutively) with three years of supervised release to follow. (DE 60).

As noted, on August 10, 2020, Young filed a letter requesting the Court grant him compassionate release. (DE 106). Young succinctly stated that "I would humbly request the Court to consider me for Compassionate Relief." Young did not state any reason why he thinks he is entitled to compassionate relief. This Court ordered the Federal Community Defender

(FCD) to consider representing Young on his request for compassionate release. On August 12, 2020, the FCD notified the Court that it would not be able to assist Young. (DE 109). The defendant is presently incarcerated at USP Lee in Pennington Gap, Virginia. His anticipated release date is May 24, 2029.

A district court's statutory authority to modify an imposed term of imprisonment is set forth in 18 U.S.C. § 3582(c), which states that "the court may not modify a term of imprisonment once it has been imposed except" when the defendant satisfies the criteria listed in the statute. The defendant bears the burden of establishing his entitlement to relief under 18 U.S.C. § 3582(c)(1)(A). *United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31. 2020); *United States v. Gold*, No. 15-CR-330, 2020 WL 2197839, at *1 (N.D. Ill. May 6, 2020). Title 18 U.S.C. § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted [all administrative remedies], may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison…for the offense or offenses for which the defendant is currently imprisoned…;
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission….

Pursuant to 18 U.S.C § 3582(c)(1)(A), a defendant moving for compassionate release must exhaust all administrative remedies within the BOP (or thirty days must have elapsed from the defendant's request for compassionate release to the warden of his prison facility) prior to seeking relief from the Court. Young has made no claim of attempting or exhausting

2

administrative remedies for compassionate release within the BOP nor offered any proof of the same. The Government argues that the defendant bears the burden of showing that he has exhausted his administrative rights and remedies. *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020), and *United States v. Russell*, No. 1:14-CR-6-HAB (N..D. Ind. June 4, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015). Thus, in light of those decisions, Young's motion is properly before this Court regardless of whether he has or has not completed the statutory exhaustion process.

This Court may reduce Young's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The Sentencing Commission has also issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). This policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

With respect to the first criteria, extraordinary and compelling reason, Young has cited absolutely no reason, let alone an extraordinary or compelling reason, for this Court to consider in

3

deciding his request for compassionate release.

With respect to the second criteria, danger to the community, the Government points out that Young's actions in the underlying case (armed bank robbery), paired with his criminal history, show that he presents a significant danger to the community. This Court agrees that there is no reason to believe that if it were to release Young from incarceration nearly nine years prior to the end of his sentence, he would not continue to be a danger to the community.

With respect to the third criteria, regarding consistency with U.S.S.G. § 1B1.13 (which specifies types of medical conditions that qualify as "extraordinary and compelling reasons"), the Court notes that Young has not alleged any medical condition or other policy reason that would justify his release.

Therefore, as Young has not demonstrated any compelling reason (or any reason at all) that would qualify him for relief, his request must be denied.

## Conclusion

On the basis of the foregoing, Young's request for compassionate relief [DE 106] is hereby DENIED.

Entered: October 1, 2020.

                                                             s/ William C. Lee
                                                             William C. Lee, Judge
                                                            United States District Court